IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

KELVIN ANDRE SPOTTS, ET AL   §

VS.                          §   CIVIL ACTION NO. 1:08cv376

UNITED STATES OF AMERICA     §

MEMORANDUM OPINION

Plaintiffs filed this lawsuit against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. Plaintiffs complain of conditions at the Federal Correctional Complex in Beaumont, Texas, after Hurricane Rita made landfall on September 24, 2005.

The plaintiffs have filed an "Emergency Motion to File Fourth Amended Complaint." Plaintiffs seek to name eight individuals[1] as additional defendants and assert a claim against these individuals pursuant to the Supreme Court's decision in *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiffs assert these individuals exposed them to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution.

---

[1] The eight individuals named are Jody R. Upton, Gerardo Maldonado, Joyce Conley, Tim Outlaw, Gerhart Bradley, Vernon Hill, Rick Carter and David L. Miller.

## Analysis

As plaintiffs previously filed a Second Amended Complaint and a Third Amended Complaint, Federal Rule of Civil Procedure 15 requires plaintiffs to obtain leave of court to file a Fourth Amended Complaint. Under Rule 15(a), after one amended complaint has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." While Rule 15(a) provides that leave is to be freely given, a trial court has discretion to deny motions to amend pleadings. In exercising its discretion, the trial court may consider such factors as undue delay, prejudice to the opposing parties and futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178 (1962); *Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382 (5th Cir. 1985); *Johnson v. Craft*, 673 F. Supp. 191 (S.D. Miss. 1987).

For the reasons set forth below, the claims asserted in the motion for leave to amend are barred by the applicable statute of limitations. Accordingly, the court will exercise its discretion to deny plaintiffs leave to file a futile amendment.

There is no federal statute of limitations for *Bivens* actions. Thus federal courts borrow the forum state's general personal injury limitations period. *Brown v. Nationsbank Corp.*, 188 F.3d

579 (5th Cir. 1999), *cert. denied*, 539 U.S. 1274 (2000). Applying Texas law, the statute of limitations for a *Bivens* action is two years. *Id*. Federal law determines the date the cause of action accrues. *Burrell v. Newsome*, 883 F.2d 416 (5th Cir. 1989).

In this case, plaintiffs' claims accrued on September 24, 2005, when Hurricane Rita made landfall. As their motion for leave to file a Fourth Amended Complaint was not filed until September 2, 2009, almost four years later, the *Bivens* claims asserted in the Fourth Amended Complaint appear to be barred by the applicable statute of limitations.

Before concluding that the statute of limitations bars the *Bivens* claims asserted in the Fourth Amended Complaint, it should be considered whether Federal Rule of Civil Procedure 15(c) applies to cause these claims to "relate back" to when the original complaint was filed.

Rule 15(c) provides as follows:

An Amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitation applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing pro- vision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action so that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Federal Rule of Federal Procedure 4(m) provides as follows:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Initially, it must be observed that even if the claims asserted in the Fourth Amended Complaint could be considered to relate back to the date the original complaint was filed, this would be of no help to plaintiffs. As stated above, plaintiffs' claims accrued on September 24, 2005. Based on their allegations, plaintiffs could be considered to be complaining of conditions which continued until late October or early November, 2005, thereby extending the date their claims accrued. However, plaintiffs did not file their original complaint until January 9, 2008.[2] As the

---

[2] The original complaint was filed in the United States District Court for the District of Columbia, which transferred the matter to this court.

original complaint was not filed until more than two years after the *Bivens* claims accrued, the claims would be barred by limitations even if it could be concluded the claims related back.

In addition, even if relation back would be helpful to plaintiffs, it cannot be concluded their *Bivens* claims relate back.

In order for the *Bivens* claims to relate back to the time the original complaint was filed: (a) the claims must have arisen out of the same conduct set forth in the original pleading and (b) the persons named in the motion to amend must have, within 120 days after plaintiff filed his complaint, received: (1) notice of the action such that they would not be prejudiced in maintaining a defense on the merits and (2) knew or should have known that the action would have been brought against them, but for a mistake concerning the identity of the proper party.

It appears plaintiffs have satisfied the first element with respect to the *Bivens* claims. However, plaintiffs have not satisfied the second element. Plaintiffs have not alleged that the individuals named in the Fourth Amended Complaint received notice of this action within 120 days after the complaint was filed. Nor does the failure to name the individuals in the original complaint appear to be the result of a mistake concerning their identity.

Accordingly, plaintiffs are not entitled to have their *Bivens* claims relate back to the date of the original complaint.

## Conclusion

For the reasons set forth above, plaintiffs will be denied leave to file a Fourth Amended Complaint because the claims asserted therein are barred by the applicable statute of limitations. A separate order so providing shall be entered.

**SIGNED** this  22   day of    September     , 2009.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE