IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KELVIN ANDRE SPOTTS, ET AL. | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv376 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs, more than 400 individuals who are incarcerated within the Bureau of Prisons, filed this lawsuit through counsel pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. (the FTCA). Plaintiffs allege the defendant was negligent: (a) in failing to evacuate inmates at the United States Penitentiary in Beaumont prior to Hurricane Rita making landfall on September 24, 2005, and (b) in failing to take steps to ensure their safety and welfare after the hurricane made landfall. The court previously referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

The defendant has filed a motion asking that the case be dismissed for lack of subject-matter jurisdiction. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the motion be granted, and this lawsuit dismissed without prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the records, pleadings and all available evidence. Plaintiffs filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The magistrate judge concluded this matter should be dismissed because it is barred by the discretionary function exception to the FTCA, which provides that the waiver of sovereign immunity contained in the FTCA does not apply to a claim based upon the exercise or

1

performance of, or the failure to exercise or perform, a discretionary function or duty. 28 U.S.C. § 2680(a). To determine whether the discretionary function applies, courts are instructed to apply a two-step test. First, the challenged government action must have been "the product of judgment or choice," *Gaubert v. United States*, 499 U.S. 315, 322 (1991). Under this prong, if a statute, regulation or policy mandates a specific course of action, the exception does not apply. *Garza v. United States*, 161 Fed. Appx. 341, 343 (2005). Second, the court must determine whether the challenged judgment or choice "is of the kind that the discretionary function exception was designed to shield" because the purpose of the exception "is to prevent judicial 'second-guessing' of administrative decisions grounded in social, economic, and public policy through the medium of an action in tort." *Gaubert*, 499 U.S. at 322-23 (internal quotation marks and citations omitted).

Plaintiffs allege that for several weeks after the hurricane made landfall, there was a lack of potable water at the penitentiary. In their first objection, plaintiffs allege that employees at the penitentiary lacked discretion to provide them with drinking water which was not in compliance with the Safe Drinking Water Act, 42 U.S.C. § 300f, *et seq.*

Initially, the court observes this objection is not properly before the court. Plaintiffs did not cite or mention the Safe Water Drinking Act in their response to the motion to dismiss or in a supplemental brief they filed in support of their response, although they did attach portions of the Bureau of Prisons Technical Reference Manual, which requires institutions to apply the testing standards set forth in the Act, to their brief. Issues presented for the first time in objections to a Report and Recommendation are not properly before the district court. *Finley v. Johnson*, 243 F.3d 215 (5th Cir. 2001); *United States v. Armstrong*, 951 F.2d 626 (5th Cir. 1992); *Rosa v. Morvant*, 2008 WL 786466 (E.D. Tex. Mar. 19, 2008).

In addition, this objection misses the mark. As set forth above, plaintiffs allege the government was negligent when it failed to evacuate the penitentiary, and when it failed to properly prepare for the aftermath of the hurricane. The Safe Drinking Water Act does not

mandate a specific course of action with respect to the acts of negligence alleged. The Act did not require that the penitentiary be evacuated, and it does not establish what preparations should have been made for the aftermath. Accepting plaintiffs' allegations as true, the preparations made proved to be insufficient, and inmates were provided water that did not meet the standards set forth in the act. However, plaintiffs do not allege a decision was made prior to the arrival of Hurricane Rita to serve water that violated the Act. Instead, the decisions complained of were whether or not to evacuate and what steps to take to prepare. As the Act was not relevant to these decisions, the Act did not prevent these decisions from being the product of judgment or choice.

In their second objection, plaintiffs state that the magistrate judge failed to grasp the "mind-numbing, desperate and life threatening conditions" which existed after Hurricane Rita made landfall. They state that while the magistrate judge described the penitentiary as being without electrical power for several weeks, power was actually lost for five weeks and one day. Also, plaintiffs assert the magistrate judge failed to recognize that as Program Statement 1290.04, entitled "Correctional Standards and Accreditation," requires every federal prison to comply with the standards of the American Correctional Association concerning items such as plumbing, maintenance of indoor air quality, temperature, medical care and hygiene, this document establishes nondiscretionary duties which were not complied with after the hurricane made landfall.

With respect to the first point of this objection, the court believes that the description "several weeks" could encompass a period lasting five weeks and one day. Nevertheless, for the purposes of the motion to dismiss before the court, which involves only whether prison employees had discretion to make certain decisions and what factors guided them in making such decisions, the precise duration of the period the penitentiary was without power, or other utilities such as functional plumbing and potable water, is irrelevant.

With respect to the second point of this objection, Program Statement 1290.04 provides that institutions operated by the Bureau of Prisons shall meet the requirements established for

accreditation by the American Correctional Association ("ACA"). Plaintiffs assert the Program Statement made decisions taken by prison officials nondiscretionary. However, as with plaintiffs' first objections, the standards established by the ACA did not mandate a particular course of conduct with respect to the decisions at issue in this lawsuit. Instead, the standards relate to how the penitentiary should have been operated after the hurricane. As a result, the adoption of ACA standards did not prevent the relevant decisions from being the product of judgment or choice.

Thirdly, plaintiffs assert the magistrate judge mischaracterized the government's policies by characterizing statements made by Geraldo Maldonado, Jr., the Regional Director of the South Central Region of the Bureau of Prisons, in a declaration attached to the motion to dismiss, as policy. They also take issue with certain facts set forth in the declaration.

A review of the Report and Recommendation fails to reveal that the magistrate judge made any reference to statements of Mr. Maldonado as constituting policy. In addition, the accuracy of the factual assertions made by Mr. Maldonado *concerning the difficulty of evacuating inmates* at the penitentiary are irrelevant to the resolution of the motion to dismiss. Instead, Mr. Maldonado's statements as to what *factors were considered by prison officials in making their decision regarding evacuation* were relevant to the determination of whether the decisions made were grounded in economic, social and public policy.

Finally, plaintiffs assert the magistrate judge failed to consider two decisions cited by plaintiffs in their brief supplementing their response to the motion to dismiss. The two decisions are *Whisnant v. U.S.A.*, 400 F.3d 1177 (9th Cir. 2005), and *In re Katrina Breaches Litigation*, 471 F.Supp.2d 684 (E.D. La. 2007), which plaintiffs incorrectly describe as "binding fifth Circuit precedent." [1] In *Whisnant*, the plaintiff was exposed to mold at a base operated by the United States Navy. The United States Court of Appeals for the Ninth Circuit held that while the government's decision as to how inspection procedures were designed was protected by the

---

[1] A decision made by a sister district court within the Fifth Circuit does not constitute binding Fifth Circuit precedent.

discretionary function, because this decision involved matters of social, economic and public policy, the decision as to how mold should be cleaned up once it was called to the government's attention was not protected because the decision as to how mold should be cleaned up involved professional and scientific judgment. *In re Katrina* involved questions regarding decisions made by the United States Army Corps of Engineers in determining how the Mississippi River Gulf Outlet should be maintained. The United States District Court for the Eastern District of Louisiana held it could not determine on the record before it whether the decisions were based on considerations of economic, social and public policy or considerations of scientific and engineering judgment. As a result, the court was not prepared to dismiss the case based on the discretionary function exception.

The court is of the opinion that these two cases are not on point. *Whisnant* involved a condition which had previously been brought to the government's attention, and it held that while a decision as to whether something should be done was protected by the discretionary function exception, the decision as to how something should be done was not. *In re Katrina* involved decisions which had been made over a period of years and, rather than resulting in the conclusion that the discretionary exception does not apply, resulted in the conclusion that the record before the court was insufficient to determine whether the exception applied. In contrast, the case before this court involves decisions made under fairly intense time pressure and directed towards whether something should be done rather than how it should be done. *Whisnant* and *In re Katrina* do not comply a conclusion contrary to that recommended by the magistrate judge.

A more analogous Fifth Circuit case, *United States v. Freeman*, 556 F.3d 326 (5th Cir. 2009), was cited by the magistrate judge in his report. In *Freeman*, which involved actions taken to provide individuals located at the New Orleans Convention Center with food, water and shelter after Hurricane Katrina, the court held that governmental decisions about how to allocate limited resources during an emergency were the types of decisions the discretionary function exception was designed to prevent from forming the basis of a suit filed pursuant to the FTCA. As there is

5

no compelling distinction between that case and the case now before the court, this court will not depart from the Fifth Circuit's reasoning.

ORDER

Accordingly, the objections filed by plaintiffs are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. The motion to dismiss is **GRANTED**. A final judgment shall be entered dismissing this lawsuit.

So **ORDERED** and **SIGNED** this **26** day of **September, 2009.**

_____
Ron Clark, United States District Judge